IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

    Defendants.

___

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 28, 2018
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

This matter is before the Court on the September 28, 2018 Recommendation (Doc. # 42) by United States Magistrate Judge S. Kato Crews that Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. # 6) be denied. Plaintiff timely filed an Objection to the Recommendation. (Doc. # 46.) Subsequently, Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., and PNC Mortgage, a division of PNC Bank, N.A. ("Defendants") filed a Response (Doc. # 54) and Plaintiff filed a Surreply (Doc. # 61). For the reasons that follow, the Court affirms and adopts the Recommendation.

## I.  BACKGROUND

The Magistrate Judge's Recommendation provides an extensive recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate the factual background only to the extent necessary to address Plaintiff's objections.

This case arises out of a dispute between Plaintiff Elet Valentine and Defendants regarding a loan transaction secured by real property located in Denver, Colorado, and the subsequent foreclosure on the property.

On August 2, 2018, Plaintiff, acting *pro se*, filed a Motion for an *Ex Parte* Temporary Restraining Order or Preliminary injunction which sought to enjoin Defendants' foreclosure on her home despite the fact that a Colorado state court determined that Defendants were justified in proceeding with a foreclosure sale of the property. *See* (Doc. # 6 at 3; Doc. # 26 at 1). Plaintiff supplemented the Motion on August 16, 2018, by filing a document titled Plaintiff's Brief in Support of a Motion for *Ex Parte* Temporary Restraining Order or Preliminary Injunction. (Doc. # 25.) Defendants filed a Response to Plaintiff's Motion on August 17, 2018. (Doc. # 29.)

On September 28, 2018, Magistrate Judge Crews issued a Recommendation that Plaintiff's Motion should be denied. (Doc. # 42.) Specifically, the Recommendation determined that Plaintiff has very little, if any, likelihood of prevailing on the merits of her claims. (*Id.* at 7.) Additionally, the Recommendation concluded that Plaintiff failed to

show that she will suffer irreparable harm without an injunction to prevent the foreclosure sale.[1] (*Id.* at 11.)

On October 11, 2018, Plaintiff filed an Objection to the Recommendation. (Doc. # 46.) Plaintiff effectively objects to the Recommendation in its entirety. With respect to the Recommendation's conclusion that Plaintiff will not suffer irreparable harm in the absence of an injunction, Plaintiff asserts that her Motion and related filings actually establish that she met her burden with regard to irreparable harm. *See* (*id.* at 28).

Subsequently, Defendants proceeded with the foreclosure sale based on the state court's determination that Defendants are the real party in interest, that there is a reasonable probability of a default under the Note and Deed of Trust sufficient for Defendants to proceed with the foreclosure, and that Plaintiff did not raise any valid defenses that would prevent the foreclosure. (Doc. # 54 at 2; Doc. # 70 at 2.) The sale took place on November 29, 2018. (Doc. # 70 at 2.) The state court entered an Order Approving Sale on December 21, 2018. (Doc. # 70-1 at 1–2.)

## II. STANDARD OF REVIEW

After a magistrate judge issues a recommendation on a motion seeking injunctive relief, 28 U.S.C. § 636(b)(1) requires that the district judge conduct a *de novo* review of any part of the Recommendation to which a proper objection has been made. An

---

[1] The Court notes that the Recommendation focuses primarily on why Plaintiff is unlikely to prevail on the merits of her claims. However, because the Court agrees with Magistrate Judge Crews' conclusion that Plaintiff has failed to show irreparable harm, the Court need not reach the issue of whether Plaintiff is likely to prevail on the merits of her claims. *N.M. Dep't of Game and Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017) (noting that if a movant fails to "meet its burden of showing a significant risk of irreparable injury, [courts] need not address the remaining preliminary injunction factors.").

3

objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). In conducting the review, a "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Any arguments raised for the first time in objections are deemed waived and need not be considered by the district court. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

When a party proceeds *pro se*, as Plaintiff does here, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Additionally, a *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App' x. 883, 884 (10th Cir. 2001).

### III.   ANALYSIS

Injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A party seeking a preliminary injunction or temporary restraining order must show (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will

suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *Kaplan v. Bank of N.Y. Mellon Trust Co.*, No. 10-cv-02802-PAB, 2010 WL 4775725, at *1 (D. Colo. 2010) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)) (noting that the four elements apply to both preliminary injunctions and temporary restraining orders and that "the same considerations apply" to both forms of injunctive relief).

It is well established that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered" *Id.* (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). Accordingly, if the movant fails to meet its burden of establishing irreparable injury, courts "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game and Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017) (citing *People for the Ethical Treatment of Prop. Owners v. U.S. Fish and Wildlife Serv.*, 852 F.3d 990, 1008 (10th Cir. 2017) ("If it is not necessary to decide more, it is necessary not to decide more.")); *see also Conry v. Estate of Barker*, No. 14-cv-02672-CMA-KLM, 2017 WL 5952709, at *1 (D. Colo. 2017) (same).

In the instant case, Plaintiff has failed to establish a likelihood of irreparable harm, i.e., a significant risk that she will experience harm that cannot be compensated after the fact by money damages. *N.M. Dep't of Game and Fish*, 854 F.3d at 1250

(quoting *Fish*, 840 F.3d at 751–52). Purely economic loss "is usually insufficient to constitute irreparable harm" because economic losses can readily be compensated with monetary damages. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1158 (10th Cir. 2011). Additionally, the party seeking injunctive relief must show that the harm is certain as opposed to theoretical, great, and "of such *imminence* that there is clear and present need for equitable relief." *Schrier v. Univ. of Colo.*, 427 F.3d at 1267 (emphasis added); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003).

Plaintiff's alleged harm is compensable by money damages. Courts have held that the "foreclosure of a property translates to economic loss. . . ." *Tatten v. City and Cty. of Denver*, No. 16-cv-01603-GPG, 2016 WL 10518586, at *2 (D. Colo. 2016); *see, e.g.*, *May v. U.S. Bank, N.A.*, No. 13-cv-01621-PAB-MJW, 2013 WL 4462033, at *9 (D. Colo. 2013) (noting that any claimed injury due to foreclosure sale "is not irreparable and may be compensated in money damages, even after a foreclosure sale"); *Moore v. One W./Indy Mac Bank*, No. 10-cv-01455-REB-CBS, 2010 WL 3398855, at *7 (D. Colo. 2010) (noting plaintiff did not demonstrate irreparable injury because plaintiff "retains a right to redeem following a foreclosure sale and any subsequent harm in losing her property may be compensated by money damages"). Additionally, emotional damages related to the foreclosure of a home are also compensable with monetary damages. *See Strand v. Am.'s Servicing Co.*, No. 2:11-cv-2 TS, 2011 WL 108902, at *1 (D. Utah 2011).

The harm Plaintiff alleges she will face absent injunctive relief is as follows: "irreparable harm, substantial further emotional injury, embarrassment, inconvenience,

6

and unjustly displaced [sic], lose remaining home equity, further financial hardship, and cause an unjust enrichment." (Doc. # 6 at 4; Doc. # 35 at 35–36.) Such injuries are readily compensable with monetary damages. *See Tatten*, 2016 WL 10518586, at *2; *Strand*, 2011 WL 108902, at *1. In fact, Plaintiff's Amended Complaint explicitly seeks compensatory damages for "future pecuniary and non-pecuniary losses, stress, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, financial hardship, and other nonpecuniary losses." (Doc. # 36 at 68.) Notably, the injuries which Plaintiff argues are irreparable are effectively the same injuries for which Plaintiff is seeking compensatory damages. As the Supreme Court has recognized, "the possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1970).

Moreover, Plaintiff's alleged harm is not imminent. The "purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267 (citing *Heideman*, 348 F.3d at 1189 (noting that a preliminary injunction will not issue without a showing of "a clear and present need for equitable relief to *prevent* irreparable harm") (emphasis added)). In the instant case, the foreclosure sale took place on November 29, 2018. (Doc. # 70 at 2.) The sale was subsequently approved by a Colorado state court on December 21, 2018. (Doc. # 70-1 at 1–2.) Therefore, because the sale has already taken place, Plaintiff's alleged harm is not imminent.

7

Alternatively, Plaintiff appears to argue that she will suffer irreparable harm if Defendants are not compelled to comply with the Federal Rules of Civil Procedure by preserving relevant evidence. Specifically, Plaintiff asserts that if "material evidence to this litigation is removed, destroyed, altered would [sic] prejudice [her] case and cause immediate and irreparable injury." (Doc. # 25 at 19.) However, there is no evidence that immediate judicial action is necessary to prevent Defendants from losing or destroying evidence. At present, it is sufficient to note that the parties are under an ongoing obligation to preserve documents that may be relevant to the instant case and that the Court has "inherent power to impose sanctions for the destruction or loss of evidence." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). The abstract risk that a litigant might fail to comply with the Federal Rules of Civil Procedure, without more, is insufficient to justify judicial action.

In sum, Plaintiff has not demonstrated that she will suffer irreparable harm absent injunctive relief. The alleged injuries Plaintiff cites are compensable with monetary damages. Moreover, Plaintiff's alleged injuries are not imminent because the foreclosure sale of her home has already taken place. Accordingly, because Plaintiff failed to meet her burden of establishing irreparable injury, injunctive relief is not warranted and the Court "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game and Fish*, 854 F.3d at 1249.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection (Doc. # 46) is OVERRULED and Magistrate Judge Crews' Recommendation (Doc. # 42) is AFFIRMED and ADOPTED.

Accordingly, it is ORDERED that Plaintiff Elet Valentine's Motion for an *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. # 6) is DENIED.

DATED: January 7, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge