IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

    Defendants.

---

**ORDER AFFIRMING MAGISTRATE JUDGE S. KATO CREWS' ORDER DENYING PLAINTIFF'S MOTION TO CORRECT RECORD, MOTION TO FILE A SECOND AMENDED COMPLAINT, MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT, AND MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS**

---

This matter is before the Court on Plaintiff Elet Valentine's Objections (Doc. ## 56, 57) to an Order issued by Magistrate Judge S. Kato Crews (Doc. # 53), wherein he denied Plaintiff's (1) motion to correct the Court's records; (2) motion to file a second amended complaint (3) motion for an extension of time to file a second amended complaint; and (4) motion for an extension of time to respond to the pending motion to dismiss (Doc. ## 47–50). For the reasons that follow, this Court overrules Plaintiff's Objections and affirms Magistrate Judge Crews' Order. The Order is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a).

## I. BACKGROUND

On October 11, 2018, Plaintiff filed four motions—seeking various extensions of time, seeking to correct the Court record, and seeking to amend her complaint—which are presently at issue. On October 15, 2018, this Court referred the motions to Magistrate Judge Crews. (Doc. # 51.) Magistrate Judge Crews entered an Order on the same day denying Plaintiff's motions. Subsequently, on October 29, 2018, Plaintiff filed two documents respectively titled Objectionto [sic] Minuite [sic] Order Doc 55 – Denial Request to Amend and Denial Extention [sic] of Time (Doc. # 56) and Objectionto [sic] Minuite [sic] Order Doc 53 – Correct Court Record (Doc. # 57). Although (Doc. # 56) indicates that it is objecting to Doc. # 55, the Court assumes Plaintiff intended to object to Doc. # 53 based on the substance of that document.

## II. STANDARD OF REVIEW

When a magistrate judge issues a non-dispositive pretrial order, "[a] party may serve and file objections to the order to the district court within 14 days after being served with a copy." Fed. R. Civ. Pro. 72(a). The district court must modify or set aside any part of the order that "is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a); 28 U.S.C. § 636(b)(a)(A); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

With regard to legal matters, the district court conducts an independent, plenary review of the magistrate judge's order. *In re Motor Fuel Temperature Sales Practice Litig.*, 707 F. Supp. 2d 1145, 1148 (D. Kan. 2010); *see also* 12 Charles Alan Wright, et al., Federal Practice & Procedure § 3069 (2d ed. 2017). Under the 'contrary to law'

standard, the reviewing court "set[s] aside the magistrate order only if it applied an incorrect standard," *Dias v. City & Cty. of Denver*, No. 07-cv-00722-WDM-MJW, 2007 WL 4373229, *2 (D. Colo. Dec. 7, 2007) (internal quotations omitted), or applied the appropriate legal standard incorrectly, *Kissing Camels Surgery Ctr., LLC v. Centura Health Corp.*, No. 12-cv-3012-WJM-BNB, 2014 WL 5599127, *1 (D. Colo. Nov. 4, 2014).

As to factual findings by the magistrate judge, the 'clearly erroneous' standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This is a deferential standard. *In re Motor Fuel Temperature Sales Practice Litig.*, 707 F. Supp. 2d at 1147.

### III. **ANALYSIS**

Magistrate Judge Crews' Order is neither clearly erroneous nor contrary to law. Plaintiff appears to argue that Magistrate Judge Crews erred in denying Plaintiff's motion to amend her complaint on the basis of Plaintiff's failure to comply with Colorado Local Rule of Civil Procedure 15.1. Under Rule 15.1(b) a "party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading. . . ." Magistrate Judge Crews denied Plaintiff's motion to amend her complaint (Doc. # 49) and her motion for an extension of time to file a second amended complaint (Doc. # 48) because "Plaintiff has not attached the proposed second amended complaint." (Doc. # 53 at 1.)

3

In her Objection, Plaintiff asserts that the "2nd Amended Complaint would not be attached until it was composed, which it has not." (Doc. # 56 at 1.) However, the fact that Plaintiff had not yet composed her amended complaint when she filed her corresponding motion is not a justification for her failure to comply with Local Rule 15.1(b). Therefore, Magistrate Judge Crews did not err in denying Plaintiff's motion to amend her complaint (Doc. # 49) and denying as moot her motion seeking an extension of time to file a second amended complaint (Doc. # 48).[1]

Plaintiff's contention that the Magistrate Judge erred in his application of Federal Rule of Civil Procedure 15 because the Magistrate Judge did not cite Rule 15 in its entirety is lacking in merit. There is no evidence that the Magistrate Judge failed to correctly apply Rule 15. Moreover, Magistrate Judge Crews denied Plaintiff's motion to amend her complaint without prejudice, which means that Plaintiff could have refiled her motion and made the corrections necessary to comply with the Federal and Local rules of civil procedure.

Finally, Plaintiff objects to the Magistrate Judge's denial of her motion to correct the record. However, Magistrate Judge Crews did not err in finding that the designation of Plaintiff's case as a Civil Rights matter has "no bearing on the outcome of the case." (Doc. # 53 at 1.) Therefore, there is a substantial justification for denying Plaintiff's motion.

---

[1] The Court notes that the instant order has no bearing on Plaintiff's pending motion seeking to file a Second Amended Complaint (Doc. # 67), which this Court referred to Magistrate Judge Crews on December 14, 2018 (Doc. # 69).

Thus, having reviewed the relevant pleadings and applicable law, the Court finds that Magistrate Judge Crews did not err in denying Plaintiff's motions for the reasons set forth in (Doc. # 53). His Order denying those motions is not, therefore, clearly erroneous or contrary to law.

## IV. **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS Magistrate Judge Crews' Order (Doc. # 53) and OVERRULES Plaintiff's Objections (Doc. ## 56, 57).

DATED: January 7, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge