IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

      Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

      Defendants.

---

## ORDER ADOPTING AND AFFIRMING AUGUST 1, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

This matter is before the Court on the August 1, 2019 Recommendation (Doc. # 92) by United States Magistrate Judge S. Kato Crews, wherein he recommends that this Court:

- **Grant in part and deny in part** Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., and PNC Mortgage's ("Defendants") Motion to Dismiss Amended Complaint (Doc. # 40); and

- **Deny** Plaintiff Elet Valentine's Opposed Request to File 2nd Amended Complaint and Add Defendants ("Motion to Amend") (Doc. # 67).

On August 14, 2019, Plaintiff filed an Objection to the Recommendation. (Doc. # 93.)

For the reasons that follow, the Court affirms and adopts the Recommendation.

## I. BACKGROUND

The magistrate judge's Recommendation provides an extensive recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate the factual background only to the extent necessary to address Plaintiff's objections.

This case arises out of a dispute between Plaintiff Elet Valentine and Defendants regarding a loan transaction secured by real property located in Denver, Colorado, and the subsequent foreclosure on the property. On August 2, 2018, Plaintiff, acting *pro se*, filed a Motion for an *Ex Parte* Temporary Restraining Order or Preliminary Injunction which sought to enjoin Defendants' foreclosure on her home and to preserve evidence. *See generally* (Doc. # 6). This Court denied Plaintiff's Motion, and Plaintiff appealed that decision. (Doc. ## 71, 73.)

Subsequently, Magistrate Judge Crews issued the instant Recommendation. The Recommendation analyzes two pending motions: Defendants' Motion to Dismiss Amended Complaint (Doc. # 40); and Plaintiff's Motion to Amend (Doc. # 67). Both Motions have been fully briefed. (Doc. ## 58, 62, 70.)

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.     *PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews her pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a

plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III. ANALYSIS

Plaintiff does not object to Magistrate Judge Crews' factual and legal analysis in the Recommendation. Rather, Plaintiff argues that this Court lacks jurisdiction to rule on the Motions at issue and that a ruling on her Motion to Amend is "premature." (Doc. # 93 at 1–3.) The Court disagrees.

Plaintiff asserts that "[t]his case is currently not in the jurisdictions [sic] of the US District Court and is under appeal in the 10th Circuit Court of Appeals." However, this Court retains jurisdiction to rule on the Motions at issue despite the fact that Plaintiff has appealed this Court's denial of her Motion for an *Ex Parte* Temporary Restraining Order or Preliminary Injunction. As Magistrate Judge Crews astutely observed in the Recommendation:

> "Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits. The desirability of prompt trial-court action in injunction cases justifies trial-court consideration of issues that may be open in the court of appeals." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) (internal citation omitted). Moreover, Valentine did not move for a stay of proceedings pending the outcome of the appeal.

(Doc. # 92 at 3 n.1.) Accordingly, Plaintiff's argument that this Court lacks jurisdiction is not meritorious.

Plaintiff's argument that it is "premature" to rule on her Motion to Amend is similarly lacking in merit. Plaintiff argues that it is "premature" to rule on the Motion because it is "still pending and waiting approval or denial with the District Court" and "[t]he Proposed Added Defendants [sic] have not had an opportunity to respond . . . ." (Doc. # 93.) As a preliminary matter, "[p]ursuant to Local Rule 7.1, the court may rule on a motion **at any time after it is filed**." *Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2017 WL 9510145, at *1 (D. Colo. Oct. 30, 2017) (emphasis added) (citing D.C.COLO.LCivR 7.1(d)), *objections overruled*, No. 14-cv-03420-PAB-NYW, 2018 WL 360131 (D. Colo. Jan. 11, 2018).

Moreover, when a plaintiff seeks the Court's leave to amend pursuant to Federal Rule of Civil Procedure 15, the plaintiff is required to serve a defendant with an amended complaint—and the defendant is therefore required to file a responsive pleading—**only if** the court grants the plaintiff's motion to amend. *See* D.C.COLO.LCivR 15.1(b). Thus, the fact that various non-parties to this case have not filed a responsive pleading to Plaintiff's proposed amended complaint does not mean that it "premature" to rule on Plaintiff's pending Motion to Amend.

Finally, the Court notes that Plaintiff has not raised specific objections to the substantive analysis underlying the conclusions that Magistrate Judge Crews reached in the Recommendation. As such, the Court need not conduct a *de novo* review of that analysis. *See Summers*, 927 F.2d at 1167. After reviewing the Recommendation with respect to the magistrate judge's findings, in conjunction with applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is

sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and adopts the Recommendation's findings and conclusions regarding each of the Motions.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection (Doc. # 93) is OVERRULED and Magistrate Judge Crews' Recommendation (Doc. # 92) is AFFIRMED and ADOPTED.

Accordingly, it is ORDERED that Defendants' Motion to Dismiss Amended Complaint (Doc. # 40) is GRNTED IN PART AND DENIED IN PART. The Motion is DENIED as to Plaintiff's breach of contract claim which is based on the theory that Defendants failed to properly apply and credit her loan payments. The Motion is GRANTED as to the remaining claims in the Amended Complaint. Those claims are DISMISSED WITH PREJUDICE because amendment would be futile for the reasons stated in the Recommendation. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). It is

FURTHER ORDERED that Plaintiff's Opposed Request to File 2nd Amended Complaint and Add Defendants (Doc. # 67) is DENIED.

DATED: August 30, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

6