IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

    Defendants.

---

### ORDER CERTIFYING APPEAL AS FRIVOLOUS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
---

This matter is before the Court on Plaintiff Elet Valentine's Second Amended Notice of Appeal (Doc. # 97) and Motion for Reconsideration (Doc. # 96) of this Court's Order Adopting and Affirming August 1, 2019 Recommendation of United States Magistrate Judge (Doc. # 94). Based on the reasons that follow, the Court certifies Plaintiff's latest appeal as frivolous and denies Plaintiff's Motion for Reconsideration.

### I.    BACKGROUND

The Court recently recounted the facts of this case in its Order adopting Magistrate Judge Crews' Recommendation. *See* (*Id.*). Accordingly, the Court will reiterate the factual background only to the extent necessary to address Plaintiff's Motion.

On August 2, 2018, Plaintiff, acting *pro se*, filed a Motion for an *Ex Parte* Temporary Restraining Order or Preliminary Injunction which sought to enjoin Defendants' foreclosure on her home and to preserve evidence. *See generally* (Doc. # 6). This Court denied Plaintiff's Motion, and Plaintiff appealed that decision. (Doc. ## 71, 73.)

Subsequently, Magistrate Judge Crews issued a Recommendation in which he concluded, *inter alia*, that this Court should grant in part and deny in part Defendants PNC Financial Services Group, Inc., PNC Bank, N.A., and PNC Mortgage's ("Defendants") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 92 at 28–29.) On August 30, 2019, this Court affirmed the Recommendation after conducting a *de novo* review of Plaintiff's objections. (Doc. # 94.) Thus, the Court denied the Motion to Dismiss as to Plaintiff's breach of contract claim which is based on the theory that Defendants failed to properly apply and credit her loan payments. However, the Court granted the Motion to Dismiss as to as to the remaining claims in Plaintiff's Amended Complaint. (*Id*. at 6.)

On September 10, 2019, Plaintiff filed a document titled Second Amended Notice of Appeal (Doc. # 97) regarding this Court's August 30 Order. Additionally, on September 12, 2019, Plaintiff filed a Motion for Reconsideration of the same Order. (Doc. # 96.)

## II. DISCUSSION

Before proceeding to the merits of Plaintiff's Motion for Reconsideration, the Court must consider its jurisdiction because Plaintiff has filed multiple notices of appeal

in this case. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) ("A federal court has an independent obligation to examine its own jurisdiction.").

**A. THIS COURT RETAINS JURISDICTION**

1. <u>Applicable Law</u>

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, the Tenth Circuit has held that:

> Because this divestiture of jurisdiction is subject to abuse and can unreasonably delay trial, we recognized in *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1991) a procedure by which a district court may maintain jurisdiction [in] a [case] if the court certifies that [an] appeal is frivolous.

*Langley v. Adams Cnty., Colo.*, 987 F.2d 1473, 1477 (10th Cir. 1993). Specifically, "to regain jurisdiction, [a district court] must take the affirmative step of certifying the appeal as frivolous or forfeited . . . ." *Stewart*, 915 F.2d at 577. An appeal is frivolous if "the result is obvious or . . . the appellant's arguments are wholly without merit." *Barnes v. Sec. Life of Denver Ins. Co.*, No. 18-cv-718-WJM-SKC, 2019 WL 142113, at *2 (D. Colo. Jan. 9, 2019) (citation omitted).

2. <u>Analysis</u>

Plaintiff's Second Amended Notice of Appeal is frivolous. It is well established that "federal circuit courts have jurisdiction to review only 'final decisions' of district courts." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (citation omitted); 28 U.S.C. § 1291. A "final decision must dispose of all claims by all parties, except a decision may otherwise be considered final

if it is properly certified as a final judgment under Federal Rule of Civil Procedure 54(b)." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

In the instant case, this Court's Order Adopting and Affirming August 1, 2019 Recommendation of Untied States Magistrate Judge did not dispose of all of Plaintiff's claims. *See* (Doc. # 94 at 6). Therefore, the Order is not a final decision for purposes of 28 U.S.C. § 1291. Moreover, the Court has not certified the Order as a final judgment pursuant to Federal Rule of Civil Procedure 54. Accordingly, the Order is not appealable.

Because it is obvious from a review of the docket that this Court's Order is not appealable, the Court hereby certifies Plaintiff's Second Amended Notice of Appeal (Doc. # 97) as frivolous.[1] As a result, this Court retains jurisdiction to consider the merits of this case. *Stewart*, 915 F.2d at 577.

**B.    PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff's Motion for Reconsideration is lacking in merit. The Motion asserts the same arguments that Plaintiff raised in her Objection (Doc. # 93) to Magistrate Judge Crews' Recommendation. The Court addressed those arguments in its Order adopting the Recommendation. *See* (Doc. # 94 at 4–5). Moreover, "[a] motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could

---

[1] To the extent that Plaintiff asserts that her initial appeal of this Court's denial of her motion for preliminary injunctive relief divested this Court of jurisdiction, the Court reiterates that "[a]lthough the filing of a notice of appeal ordinarily divests the district court of jurisdiction, in an appeal from an order granting or denying a preliminary injunction, a district court may nevertheless proceed to determine the action on the merits." (Doc. # 94 at 5) (quoting (Doc. # 92 at 3 n.1) (Magistrate Judge Crews' Recommendation) (quoting *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013))).

4

have been raised in prior briefing." *Gebremedhin v. Am. Family Mut. Ins. Co.*, No. 13-cv-02813-CMA-BNB, 2016 WL 7868815, at *1 (D. Colo. Feb. 5, 2016).

### III. CONCLUSION

Based on the foregoing, the Court FINDS that Plaintiff's Second Amended Notice of Appeal (Doc. # 97) is frivolous. Consequently, this Court retains jurisdiction in this case. Additionally, the Court ORDERS that Plaintiff's Motion for Reconsideration (Doc. # 96) is DENIED.

DATED: October 9, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge