IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

  Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

  Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE CREWS' MINUTE ORDER AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Plaintiff Elet Valentine's filings titled Objection to Magistrate October 2, 2019 Minute Order [ECF#102] and Objection to Order Certifying Appeal as Frivolous and Denying Plaintiff [sic] Motion for Reconsideration [ECF#103]. (Doc. ## 104, 106.) The Court construes the later filing (Doc. # 106) as a Motion for Reconsideration. Based on the following reasons, the Court overrules Plaintiff's Objection to Magistrate Judge Crews' Minute Order and denies Plaintiff's Motion for Reconsideration.

I. ANALYSIS

Plaintiff's Objection and Motion for Reconsideration are based on the same premise: Plaintiff argues that this Court has been divested of jurisdiction in this case due

to Plaintiff's multiple notices of appeal. *See* (Doc. # 104 at 3–5; Doc. # 106 at 3–7). However, as this Court has previously explained, Plaintiff's argument is erroneous. Plaintiff's initial notice of appeal did not divest this Court of jurisdiction because the appeal relates to a motion for a preliminary injunction. *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013); *see also* (Doc. # 103 at 4; Doc. # 94 at 5; Doc. # 92 at 3 n.1).

Additionally, Plaintiff's latest appeal did not divest this Court of jurisdiction because it relates to a non-final order. (Doc. # 103.) However, Plaintiff argues that an "Exception to Finality" applies.[1] (Doc. # 106 at 6.) That is incorrect.

In general, federal circuit courts have jurisdiction to review only "final decisions" of district courts. 28 U.S.C. § 1291; *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016). "A 'final decision' is ordinarily one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1189 (10th Cir. 2018) (citation omitted). "Put differently, a final decision is one by which the district court dissociates itself from a case." *Id*. (internal quotation marks omitted). "The critical determination as to whether an order is final is whether [the] plaintiff has been effectively excluded from federal court under the present circumstances." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II,*

---

[1] The exception to which Plaintiff refers appears to be based on the 10th Circuit's ruling in *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271 (10th Cir. 2001). There, the Tenth Circuit held that "[a]lthough a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Id*. at 1275. However, that ruling is not applicable to the instant case because not all of Plaintiff's claims have been dismissed. Thus, the case is subject to further proceedings in this Court. Accordingly, the Order at issue is neither final nor appealable.

*LLC*, 887 F.3d 1003, 1015 (10th Cir. 2018) (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)). As the Supreme Court recently reiterated, "finality is to be given a practical rather than a technical construction." *Id*. (quoting *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017)).

In the instant case, not all of Plaintiff's claims have been dismissed. (Doc. # 103 at 4; Doc. # 94 at 6.) Therefore, Plaintiff has not "been effectively excluded from federal court under the present circumstances." *Spring Creek*, 887 F.3d at 1015 (quoting *Amazon*, 273 F.3d at 1275). Accordingly, because there is still a claim to be litigated, the Order at issue (Doc. # 94) is not final and may not be appealed.[2]

## II.  CONCLUSION

Based on the foregoing, Plaintiff's Objection (Doc. # 104) to Magistrate Judge Crews' Minute Order is OVERRULED. It is

FURTHER ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 106) is DENIED.

DATED: October 21, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] The Court notes that Plaintiff failed to appear at a status conference in this case on October 1, 2019. The Court reiterates Magistrate Judge Crews' cautionary statement that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, courts may "dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with procedural rules or court orders." (Doc. # 102 at 1) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962)). Plaintiff shall appear at all hearings in this case going forward.