IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01934-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

THE PNC FINANCIAL SERVICES GROUP, INC.,
PNC BANK, NATIONAL ASSOCIATION, *a/k/a* PNC Bank, NA, and
PNC MORTGAGE,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 22, 2019
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the October 22, 2019 Recommendation (Doc. # 109) of United State Magistrate Judge S. Kato Crews, wherein he recommends that this Court dismiss this case with prejudice due to Plaintiff's failure to prosecute and comply with Court orders. On November 4, 2019, Plaintiff filed an Objection to the Recommendation. (Doc. # 112.) For the following reasons, the Court adopts and affirms the Recommendation.

### I.    BACKGROUND

The magistrate judge's Recommendation provides an extensive recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly,

the Court will reiterate the factual background only to the extent necessary to address Plaintiff's objections.

On January 7, 2019, this Court entered an Order denying Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order or Preliminary Injunction. (Doc. # 71.) Plaintiff appealed that decision. (Doc. # 73.) Despite the fact that Plaintiff appealed this Court's Order denying preliminary injunctive relief, this Court retained jurisdiction to consider the merits of the case. *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013).

Based on a subsequent Recommendation that Magistrate Judge Crews issued, this Court granted in part Defendants' Motion to Dismiss. Thus, the Court dismissed most—but not all—of Plaintiff's claims in her Amended Complaint. (Doc. # 94.) The Court did not dismiss one claim, which remains pending. On September 17, 2019, however, Plaintiff filed a second notice of appeal regarding this Court's order granting in part Defendants' Motion to Dismiss. (Doc. # 99.) The Court certified that appeal as frivolous because it did not pertain to a final order or judgment. (Doc. # 103.)

The litigation process began to break down in this case after Magistrate Judge Crews issued his Recommendation regarding Defendants' Motion to Dismiss.

Beginning with her Objection to that Recommendation, Plaintiff has maintained that this Court lacks jurisdiction in this case due to her appeal of the Court's decision regarding her Motion seeking preliminary injunctive relief. *See* (Doc. # 93) (August 14 Objection). Plaintiff reasserted the same argument in a Motion for Reconsideration and multiple subsequent filings. *See* (Doc. # 96; Doc. # 104 at 3; Doc. # 106 at 3–7; Doc. #

110 at 1; Doc. # 111 at 1–3). Most recently, in her Objection to the instant Recommendation (Doc. # 112 at 2–27), Plaintiff repeated—**verbatim** in a paragraph that is copied and pasted throughout her filing—her position that this Court lacks jurisdiction **twenty-five times.**

However, this Court and Magistrate Judge Crews have gone to great lengths to explain to Plaintiff that her position is incorrect. In fact, this Court has described why it retains jurisdiction in three separate Orders:

- (Doc. # 94 at 4) (quoting Magistrate Judge Crews' explanation of why the district court retains jurisdiction after a litigant appeals an order regarding preliminary injunctive relief);
- (Doc. # 103 at 3–5) (reiterating that the district court may consider the merits of a case after a litigant appeals a preliminary injunction order and explaining that an appeal is frivolous if it pertains to a non-final judgment);
- (Doc. # 107 at 1–3) (same).

Unfortunately, however, Plaintiff appears unwilling to accept any interpretation of the law other than her own.

Based on her fervent—albeit mistaken—belief that this Court lacks jurisdiction, Plaintiff has ceased to meaningfully engage in the litigation process. On October 1, 2019, Magistrate Judge Crews intended to hold a status conference in this case. *See* (Doc. # 102). However, Plaintiff failed to appear. Subsequently, the magistrate judge issued a Minute Order cautioning Plaintiff that her failure to attend scheduled matters is sanctionable and could result in the dismissal of her case. (*Id*. at 2.)

Magistrate Judge Crews rescheduled the conference for October 22, 2019, and he explicitly indicated that "if [Plaintiff] fails to attend the . . . status conference, this Court shall—absent exceedingly good cause—enter an Order to Show Cause why this action should not be dismissed for failure to comply with Court orders and attend pretrial conferences." (*Id*.) Similarly, in its Order Overruling Plaintiff's Objection to Magistrate Judge Crews' Minute Order and Denying Plaintiff's Motion for Reconsideration [of the Certification of Plaintiff's Appeal as Frivolous], this Court reiterated the magistrate judge's cautionary statement and directed Plaintiff to "appear at all hearings in this case going forward." (Doc. # 107 at 3 n.1.) Nevertheless, on October 22, 2019, Plaintiff failed to appear a second time.

The only apparent explanation for Plaintiff's conduct is—as she explains in her Objection—that Plaintiff considers this Court's Orders to be ". . . unfounded, misapplied, null and void." (Doc. # 112 at 20.) The Court has had enough.

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B.     *PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews her filing "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### III.     ANALYSIS

The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to appear at a pretrial or scheduling conference. *See* Fed. R. Civ. P. 16(f). The Tenth Circuit has held that Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . .

fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citation omitted). Additionally, under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Before choosing the sanction of dismissal, district courts consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)); *see also Gripe*, 312 F.3d at 1188 (noting that the same factors apply when courts are considering dismissal as a sanction under Rule 16(f)).

"These factors do not constitute a rigid test," but are simply "criteria for the district court to consider." *Id.* (quoting *Ehrenhaus*, 965 F.2d at 921). In the instant case, each factor favors dismissal.

A.     **PREJUDICE TO DEFENDANTS**

Plaintiff's conduct has resulted in substantial prejudice to Defendants. As Magistrate Judge Crews notes in the instant Recommendation, "Defendants have been diligent in their attempts to bring this litigation to a close, but these efforts have been stymied by Ms. Valentine's disregard for hearings and Court Orders." (Doc. # 109 at 4) (footnote omitted). In addition to being deprived of any finality in this matter, Defendants

have also expended considerable resources in what has become a futile effort to move this case forward.

**B.    INTERFERENCE WITH JUDICIAL PROCESS**

Plaintiff's conduct has stalled the judicial process. Plaintiff's refusal to comply with court orders has inhibited the Court's ability to perform straightforward tasks such as holding a scheduling conference. Moreover, Plaintiff's refusal to recognize this Court's authority to interpret the law has forced the Court to expend valuable time in an unnecessary and repetitive exercise of explaining to Plaintiff why her frivolous arguments regarding this Court's jurisdiction are incorrect.

This Court has limited resources and an extensive docket. Thus, the time spent on a recalcitrant litigant such as Plaintiff takes time away from individuals in other cases who have meritorious claims and serious injuries that deserve to be redressed promptly. Accordingly, the consequences that result from Plaintiff's ongoing interference with the judicial system cannot be understated.

**C.    CULPABILITY OF PLAINTIFF**

Plaintiff is culpable for her conduct. Magistrate Judge Crews and this Court have been accommodating and patient with Plaintiff since the inception of this case. Even after Plaintiff filed her second Notice of Appeal and stopped appearing at proceedings in this case, Magistrate Judge Crews and this Court provided Plaintiff with multiple detailed explanations of the legal principles that refute her position regarding this Court's jurisdiction. Nevertheless, Plaintiff has remained obstinate, and her choice to maintain her strategy under the circumstances shows that her conduct is intentional.

7

### D. NOTICE OF POSSIBLE DISMISSAL

Plaintiff has had ample notice of the possibility of dismissal due to her conduct. Specifically, after Plaintiff failed to appear at the October 1, 2019 status conference, Magistrate Judge Crews' issued a Minute Order that explained to Plaintiff why her absence was sanctionable. The Minute Order also explained that Plaintiff's case could be dismissed if she did not amend her conduct. (Doc. # 102 at 1–2.) This Court similarly warned Plaintiff of the possibility of dismissal and explicitly ordered her to appear at all proceedings in this case. (Doc. # 107 at 3 n.2.) Therefore, the Court agrees with Magistrate Judge Crews that Plaintiff "was fully aware of the possible sanctions for non-compliance with Court orders and rules." (Doc. # 109 at 6.)

### E. UNAVAILABILITY OF LESSER SANCTIONS

Sanctions less than dismissal with prejudice would not be effective. This Court has recently awarded attorneys fees against Plaintiff in a separate case. *See Netzer Group, LLC, v. Valentine*, No. 19-cv-00025-CMA-SKC (D. Colo. Mar. 27, 2019) (awarding attorneys fees against Plaintiff based on her frivolous attempt to remove a case to federal court). However, it is evident that monetary sanctions have little impact on Plaintiff's insistence on pursuing arguments even after they have been demonstrated to be frivolous. Similarly, the Court finds that sanctions other than dismissal with prejudice are unlikely to change what Magistrate Judge Crews correctly described as Plaintiff's "willful bad faith in repeatedly disregarding the Court's rules and orders . . . ." (Doc. # 109 at 7.)

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Objection (Doc. # 112) is OVERRULED and Magistrate Judge Crews' Recommendation (Doc. # 109) is AFFIRMED and ADOPTED. Accordingly, it is ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED: November 13, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge